CITY OF PIKEVILLE, Appellant,

v.

Bob MAY, Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1964.

O. T. Hinton, Pikeville, for appellant.

L. D. May, Pikeville, for appellee.

MOREMEN, Judge.

Appellee, Bob May, recovered from appellant, City of Pikeville, the sum of $1493.-30, as salary due him under his employment as a policeman for the City.

On June 27, 1960, at a regular meeting of the council of the City of Pikeville, a motion was duly carried to hire the appellee as a policeman. May was sworn in as a policeman; he then applied to the Crisman Insurance Agency for the bond required by statute. The chief of police notified the insurance agency not to issue a bond and stated to it that Bob May had not been hired and would not be permitted to work as a policeman. This action apparently was without authority from any source. May was never permitted to assume his duties as an officer.

At a meeting held on July 25, 1960, one of the councilmen moved to correct the minutes by changing his original vote from "yes" to "no." There is doubt as to whether a person could properly change his vote at a subsequent meeting and after the hiring of Bob May, but the minutes disclose that a majority remained even after such a change. At a called meeting of the council, on August 12, 1960 a motion was made and duly carried to set aside the motion which hired May as a policeman. Thereafter, in December, the City paid the sum of $306.72 to May, but the circumstances of this payment cannot be determined from the record.

■ On this appeal, appellant states that both counsel for the policeman and the trial court proceeded under, and the court based its judgment on, the misconception that KRS 95.765 afforded immunity to a police officer from discharge without a hearing and due cause shown. We agree with counsel for appellant that said statute is not applicable here. The statute originally was section 6 of chapter 9 of the Acts of the General Assembly of 1942, which authorized fourth class cities to operate their police and fire departments under the system that is generally called "civil service." There was no showing that the City of Pikeville has ever adopted the civil service system; in fact, a copy of an ordinance passed January 4, 1960—filed as an exhibit—expressly states that the police department was operating under KRS 95.700 which has been in the statute books in various forms since 1893. This statute reads:

"(1) The city legislative body in cities of the fourth and fifth classes may, by ordinance, establish a police department, appoint its members, and provide for their number, grades, compensation and regulation.

"(2) The term of office of members of the police department appointed by the city legislative body shall not ex-

ceed two years. They shall be subject to removal for cause."

We find nothing in the findings of fact, conclusions of law or in the judgment that indicates the trial court based its opinion upon KRS 95.785. It appears that the judgment was founded on KRS 95.700 above quoted.

It is not clear, however, as to the method the court used in arriving at the amount of $1800 due appellee, subject to a credit of $306.71 theretofore paid. It will be noted subsection (2) of KRS 95.700 states that the appointment shall not exceed two years and since May was appointed as a policeman at a salary of $275 per month, it is difficult to surmise just how the court reached the figure it did. The prayer of the complaint asks judgment for the sum of $275 per month for each and every month beginning August 1, 1960, and, as the suit was filed on February 3, 1961, perhaps the court reached the conclusion that appellee sought to recover for a period slightly more than six months. Appellee May has not cross-appealed and does not complain as to the amount.

Appellant takes the position that unless prohibited by the constitution, a statute or an ordinance, a public officer may be discharged at the pleasure of the appointing body. We believe the last sentence in subsection (2) of KRS 95.700 has application here. It states "They shall be subject to removal for cause." The City made no attempt to justify its action on the 12th day of August 1960, when it removed appellee from office and no reason has been assigned by anyone as a just cause for removal.

Courts generally will not interfere with the discretion vested in the council in absence of abuse, but will act when the dismissal of an officer is capricious or arbitrary. Glass v. Board of Common Council of City of Frankfort, 262 Ky. 471, 90 S.W.2d 700. In that case the reason for dismissal was given as a reduction in force, still the court looked through the subterfuge and concluded that it was only an attempt to evade the spirit and purpose of the statute. We have concluded that KRS 95.700 and its expression "They shall be subject to removal for cause" does not mean that the council may capriciously and without cause refuse to permit a qualified man to serve after he has been duly appointed.

We have found this record to be lacking in many particulars which should have been developed. We believe, however, the trial court reached a reasonable and fair conclusion under the circumstances.

The judgment is affirmed.