Bernard C. McCLOUD, Appellant,

v.

H. H. WHITT, Jr., Dan Howell, Delmar Hewlett, Helen Huffman, A. V. Rash, Lloyd Dixon, and Laverne Cox, Appellees.

Court of Appeals of Kentucky.

May 28, 1982.

Discretionary Review Denied Oct. 6, 1982.

William P. Emrick, McKenzie, Woolery & Emrick, P.S.C., Ashland, for appellant.

Gurney A. Johnson, Bowling & Johnson, Catlettsburg, for appellees.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

The Greenup Circuit Court in a declaratory judgment action has concluded that the mayor of Worthington, Kentucky, a city of the fifth class, could not remove the city's chief of police without first holding a due process hearing and that the chief of the Worthington Volunteer Fire Department could only be removed by vote of the Worthington City Council, which body had appointed the fire chief. The mayor has appealed from this judgment; the appellees are the police chief and the members of the city council. Because we are of the opinion that under current statutory provisions the mayor was empowered to remove these officers and that no prior hearing was required in the case of the police chief, we reverse and remand.

It is clear from a comparison of the current statutes with their predecessors that in enacting KRS chapter 83A in 1980 the Legislature intended to place a far greater degree of authority in mayors of fifth-class cities with respect to the appointment and removal of nonelective city officers than had previously been the case.[1] Under prior law, the city legislative body appointed the police chief, and that body was vested with authority to remove him at any time for good cause. KRS 95.720(2) & (3) (repealed 1980). Now, KRS 83A.080(2) places the appointment power in the executive authority of the city, here the mayor, with the approval of city council, and the

---

1. Although the record is sparse as to the authorization and the requirements for the police chief and the volunteer fire chief for the City of Worthington, we believe the holders of these positions are officers within the definition in KRS 83A.010(9) due to the nature of these offices and the duties associated with them. This statute merely codified preexisting case law. *See Commonwealth v. Howard,* Ky., 379 S.W.2d 475 (1964); *Taylor v. Commonwealth ex rel. Dummit,* Ky., 305 Ky. 75, 202 S.W.2d 992 (1947).

removal power in the mayor "at will unless otherwise provided by law."

 KRS 15.520[2] has no application to the removal of Police Chief Whitt. That statute was enacted "[i]n order to establish a minimum system of professional conduct of the police officers of local units of government of this Commonwealth" by creating standards of conduct "to deal fairly and set administrative due process rights for police officers . . . and at the same time providing a means of redress by the citizens of the Commonwealth for wrongs allegedly done to them by police officers[.]" To expand the application of the requirements of this statute by judicial decision would be an impermissible intrusion into the prerogatives of the legislative branch. Chief Whitt's removal was not predicated upon any complaint of professional misconduct, KRS 15.520(1)(a), or upon any charge involving violation of any local unit of government rule or regulation, KRS 15.520(1)(e), but resulted from action by the mayor under the discretionary power given him by KRS 82.080(2). The appellees have cited to us no relevant statute which limited the appellant's discretion in this matter. It would be absurd to require a hearing where, as here, there has been a removal under authority to remove at will rather than a removal for some cause, since there would be nothing to inquire into.

 As to the removal of the police chief without a prior hearing, we hold that the appellant acted within the authority granted to him by statute.

 We cannot agree with the circuit court's determination that because the volunteer fire chief was appointed by council ordinance, council action should be required to dismiss him.[3] KRS 83A.130(11) states that "[t]he council shall not perform any executive functions except those functions assigned to it by statute." Although city council is empowered "by ordinance [to] establish all appointive offices and the duties and responsibilities of those offices[,]" KRS 83A.130(12), and must approve the mayor's appointments to fill those offices, KRS 83A.080(2), the removal power is a function of the executive authority. *Id.* The appellant had the authority to remove the volunteer fire chief, and no action by council was required.

The judgment of the circuit court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.

All concur.

---

2. The appellees assert, and the appellant has not denied, that the city of Worthington receives distributions from the Kentucky Law Enforcement Foundation Program Fund; thus, KRS 15.520 is binding if it is apposite. KRS 15.520(4).

3. The trial court's finding that the Worthington Volunteer Fire Department was not organized under the provisions of KRS ch. 75 is undisputed.