Russell S. McDANIEL, Jr., Chief Jefferson County Police Department, Appellant,

v.

James L. WALP, Appellee.

and

JEFFERSON COUNTY POLICE MERIT BOARD, Appellant,

v.

James L. WALP, Appellee.

Nos. 86–CA–2462–MR, 87–CA–1478–MR.

Court of Appeals of Kentucky.

Dec. 18, 1987.

Case Ordered Published by Court of Appeals Jan. 22, 1988.

Discretionary Review Denied by Supreme Court April 19, 1988.

Michael L. Allen, Asst. Jeff. Co. Atty., Louisville, for appellant/Chief McDaniel.

Larry C. Ethridge, Louisville, for appellant/Police Merit Board.

Mark L. Miller, Miller & Meade, P.S.C., Louisville, for appellee/Walp.

Before COOPER, LESTER and MILLER, JJ.

MILLER, Judge.

Russell S. McDaniel, Chief, Jefferson County Police Department, and Jefferson County Police Merit Board (Merit Board) bring these appeals from a judgment of the Jefferson Circuit Court, overturning an order of the Merit Board and reinstating appellee, James L. Walp, to the Jefferson County Police Department.

Walp was dismissed at the instance of then-Chief E.G. Helm, Jr., for failing to properly return funds recovered from a theft of Toohey's Auto Parts, a business in Bullitt County. Toohey made an oral complaint to the police department. Private citizens involved in discovery of the theft proceeds filed written statements as to the circumstances surrounding the discovery and delivery of same to Walp. Chief Helm initiated an investigation. After a proper and full-blown hearing by the Merit Board, in which a representative of Toohey's testified under oath, Walp's dismissal was affirmed.

On appeal to the circuit court, under KRS 15.520(2) and 78.455(2)(a), it was argued, and the circuit court agreed, that Walp's dismissal was unlawful for reason that Toohey's complaint was not made

upon affidavit. It was successfully argued that KRS 78.445(2) and KRS 15.520(1)(a) required such. We disagree and reverse. Those provisions appear as follows:

> 78.445(2) *Any citizen who makes written charges of misconduct, under oath, concerning the actions of any police officer hereunder shall present the charges to the chief of police, who shall investigate said charges.* The chief of police shall determine what action, if any, shall be taken against the officer, subject to the limitations set out in this chapter. The citizen may appeal the determination of the chief of police to the board. (emphasis added)

> 15.520(1)(a) *Any complaint taken from any individual alleging misconduct on the part of any police officer, as defined herein, shall be taken under oath* in the form of an affidavit, signed, and sworn to by the complainant and duly notarized;

> (emphasis added)

We do not believe a fair reading of KRS 78.445 and 15.520 requires that disciplinary proceedings must necessarily emanate from a citizen's sworn complaint. It is true that disciplinary action may rest upon the sworn allegation of a complaining citizen. This is not, however, to preclude disciplinary action by departmental authority based upon initiation from within and upon any source of information.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed, and these causes are remanded with directions to enter judgment upholding the action of the Merit Board.

All concur.