CITY OF MADISONVILLE; O.L. Lantaff, Mayor; George A. Moore II, Member of City Council; James "Buddy" Gill, Member of City Council; Norman Suthard, Member of City Council; D.W. Riley, Member of City Council; Bob G. Simmons, Member of City Council; Rudy Stone, Member of City Council; and City Council of Madisonville, Appellants,

v.

Mary Lou SISK, Appellee.

No. 89–CA–1225–S.

Court of Appeals of Kentucky.

Feb. 9, 1990.

Byron L. Hobgood, Madisonville, for appellants.

Ken S. Dean, Madisonville, for appellee.

Before EMBERTON, GUDGEL and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Hopkins Circuit Court in a matter involving a city police officer's discharge from employment. The sole issue on appeal is whether the trial court erred by finding that the authority to terminate appellee's employment rested in the Madisonville City Council rather than in the city's mayor. We affirm.

For purposes of this appeal, the facts are not in controversy. Since Madisonville, a fourth-class city, participates in the law enforcement foundation program fund pursuant to KRS 15.410 *et seq.*, it is required to adhere to certain standards and procedures for the investigation of complaints filed against police officers as set out in KRS 15.520. *See* KRS 15.520(4). In November 1987 appellee, a Madisonville city police officer, was charged with neglect of duty, insubordination, disobedience, and unauthorized absence from duty stemming from an incident which occurred several days earlier. Although appellee requested a hearing before the city council, that request was denied and the hearing was conducted before the Madisonville mayor. Appellee was found by the mayor to have violated the regulations as charged, and her employment was terminated. On appeal, the circuit court reversed and remanded the matter on the ground that appellee was entitled to a hearing before the city council. This appeal followed.

In a city such as Madisonville, the mayor constitutes the city's executive authority and the city council constitutes its legislative body. KRS 83A.130(2) and (11). KRS 83A.080(2) provides that:

All nonelected city officers shall be appointed by the executive authority of the city and, except in cities of the first class, all such appointments shall be with approval of the city legislative body if separate from the executive authority. *The officers may be removed by the executive authority at will unless otherwise provided by statute.* (Subsequently amended in 1988 to add "or ordinance.") (Emphasis added.)

Further, KRS 83A.130(9) states in pertinent part that:

*The mayor shall be the appointing authority with power to appoint and remove* all city employes, including police

officers, *except as* tenure and terms of employment are *protected by statute,* ordinance or contract and except for employes of the council. (Emphasis added.)

Based on these statutes, appellants argue that the mayor is vested with authority to terminate appellee's employment.

KRS 15.520, however, specifically sets out the standards and administrative due process rights which apply to any hearing conducted by a statutorily appointed authority or body regarding any complaint of police misconduct in a city such as Madisonville. Further, KRS 95.765 addresses the identity of such statutorily appointed authorities in pertinent part as follows:

(1) No member of the police or fire departments shall be removed from the department or reduced in grade upon any reason except inefficiency, misconduct, insubordination or violation of law, or violation of the rules adopted for the departments. Any person may prefer *charges* against a member of the police or fire departments, which *must be filed in the office of the mayor, who shall thereupon communicate said charges without delay to the legislative body....* All charges against members of the police or fire departments *shall be filed with the clerk of the legislative body, and within three (3) days after said filing the legislative body shall proceed to hear and examine said charges; ...* the *action and decision of said body* on said charges *shall be reduced to writing and shall be entered in a book to be kept for that purpose* by the clerk of said legislative body, and the written charges filed in this matter shall be preserved and securely attached to the book containing the legislative body's decisions.

(2) In cases where the *mayor* or chief has probable cause to believe that a member of the police or fire department has been guilty of any conduct justifying removal or punishment, he *may suspend said member from duty, or from both pay and duty,* pending said trial, and said member shall not be placed on duty or allowed pay thereafter *until the*

*charges are heard by the legislative body. The said body shall fix punishment .... No member* of the police or fire department except as provided in KRS 95.761 to 95.785 *shall be reprimanded, removed, suspended, or dismissed from the department until* written charges have been made, or preferred against him, and *a trial had as herein provided.* (Emphasis added.)

Contrary to appellant's assertion, we are not persuaded that the statutory scheme conflicts in any respect. KRS 83A.080(2) and 83A.130(9) permit a local executive authority such as a mayor to terminate the employment of a nonelected city official such as a police officer only if there is no statute which provides otherwise. It is clear to us that KRS 95.765 is such a statute, and that it requires that a disciplinary hearing be conducted before the legislative body rather than before the mayor. It follows, therefore, that the trial court did not err by concluding that appellee was entitled to a hearing before the Madisonville City Council prior to any discharge.

The court's judgment is affirmed.

All concur.