Raymond SHELTON, Plaintiff,

v.

James A. BROWN and City of Albany, Kentucky, Defendants.

Civil Action No. 1:96CV127M.

United States District Court, W.D. Kentucky.

Jan. 12, 1998.

Thomas E. Carroll, Monticello, KY, for James A. Brown.

Norbert H. Sohm, Albany, KY, for City of Albany, Kentucky.

## MEMORANDUM OPINION AND ORDER

McKINLEY, District Judge.

This matter is before the Court on a motion by Plaintiff, Raymond Shelton, for partial summary judgment [DN 18]; on a motion by Defendant, James A. Brown for summary judgment [DN 19]; and on a motion by Defendant, City of Albany, for summary judgment [DN 20]. The Plaintiff brings this § 1983 action against the Defendant, City of Albany, and its Mayor, James A. Brown, seeking monetary damages for alleged constitutional deprivations arising out of his discharge as Chief of Police.

The parties have filed cross-motions for summary judgment. On December 15, 1997, oral arguments were heard on the motion for summary judgment. There appeared Mr. Michael Owsley, counsel for Plaintiff; Mr. Thomas Carroll, counsel for Mayor Brown; and Mr. Norbert Sohm, counsel for the City of Albany. This matter is now ripe for decision. For the reasons set forth below, the motion by Plaintiff, Raymond Shelton, for partial summary judgment is denied and the motions for summary judgment by Defendants are granted.

### Summary Judgment Standard

Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The inquiry under Fed.R.Civ.P. 56(c) is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

Lindsey G. Bell, Williams & Bell, Burkesville, KY, for Raymond Shelton.

must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

### Facts

Shelton was the Chief of Police of the City of Albany until he was fired by the Mayor. Shelton claims that his termination deprived him of his constitutional liberty and property interests in violation of substantive and procedural due process requirements of the Fourteenth Amendment to the United States Constitution.

Shelton complains that he was terminated without being given a pre-disciplinary hearing as required in Part III Section D(3)(d) of the City's Policies and Procedures Manual. Shelton also argues that he was entitled to due process rights, as a police officer, under KRS 15.520 and KRS 95.765. The Defendants argue that Shelton was an employee terminable at-will under Kentucky law; that KRS 15.520 and KRS 95.765 does not apply to this case; and, that Shelton was given an opportunity for a pre-disciplinary hearing, but that he failed to attend those meetings.

### Discussion

■■ The Fourteenth Amendment prohibits state actors from depriving an individual of life, liberty or property without due process of law. U.S. Const. amend XIV. The due process clause may impose procedural or substantive limitations on a given deprivation, or both. In this case, the Court will restrict its discussion to procedural due process. "Absent the infringement of some 'fundamental' right, it would appear that the termination of public employment does not constitute a denial of substantive due process." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir.1992).

■ There are two elements of a procedural due process claim: (1) the existence of a constitutionally protected property or liberty interest, and (2) a deprivation of this interest without adequate process. No liberty interest is implicated by the facts set forth in the complaint or Plaintiff's briefs.

■■ Shelton cannot avail himself of the safeguards of procedural due process unless he has been deprived of a property interest. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The existence of a property interest depends largely on state law. *Bailey*, 106 F.3d at 141. In order to establish a protected interest in his position, Shelton "must be able to point to some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Id.See also Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. 2701).

Shelton served as the Chief of Police of Albany, Kentucky. Albany is a city of the fifth class and operates under the mayor-council plan of government pursuant to KRS 83A.130. KRS 83A.130(9) provides that the Mayor shall have the power to "remove all city employees, including police officers, except as tenure and terms of employment are protected by statute, ordinance or contract…." KRS 83A.080(2) provides that non-elected city officers (such as the police chief) may be removed by the executive authority (the Mayor) "at will unless otherwise provided by statute or ordinance." Plaintiff asserts that Municipal Order 1982.300, KRS 95.765, KRS 90.360 and KRS 15.520 limit the Mayor's discretionary power under KRS 83A.080(2) to discharge him and establishes a statutory right which supports a legitimate claim to continued employment. *See Bailey*, 106 F.3d at 141.

*Civil Service and Municipal Order 1982.300*

■ Plaintiff argues that Defendants failed to comply with KRS 95.765 when the Mayor terminated his employment. KRS 95.765 provides that police officers can only be discharged for cause: "No member of the police or fire departments shall be removed from the department or reduced in grade upon any reason except inefficiency, misconduct, insubordination or violation of law, or violation of the rules adopted for the departments." KRS 95.765(1). In order for KRS 95.765 to apply, the City must have adopted the civil service provisions. *City of Pikeville v. May*, 374 S.W.2d 843 (Ky.1964); *Wilson v. City of Jeffersontown*, 511 S.W.2d 115 (Ky.1974).

Plaintiff asserts that the City of Albany through Municipal Order 1982.300 has adopted the civil service provisions for all employees of the city, including police officers under KRS 90.300–90.420; and as a result, Municipal Order 1982.300 requires the City to follow KRS 90.360 and KRS 95.765 in discharging an employee.[1] The Court disagrees.

■ It has been held by the Clinton Circuit Court and upheld by the Kentucky Court of Appeals that the City of Albany had not validly enacted Municipal Order 1982.300. *Wendell Burchett v. City of Albany*, 93–CA–1488–MR (Ky.App. July 7, 1995). The Court of Appeals held that Municipal Order 1982.300 "was never properly enacted. When it attempted to enact the order, the city council also failed to comply with KRS 83A.060(12). Failure to comply with the statute negates the lawfulness of the Order." *Burchett*, 93–CA–1488–MR at 3. The Court finds that

the City of Albany has not adopted the civil service system under either KRS 90.300–90.420 or KRS 95.761–95.765, and as a result, the administrative procedures provided in these statutes for the removal of public officials are not applicable.[2] Therefore, nothing in Municipal Order 1982.300, KRS 95.765, or KRS 90.360 supports a legitimate claim to Plaintiff's continued employment as chief of police.

*KRS 15.520*

■ Plaintiff argues Defendants failed to comply with KRS 15.520 when terminating his employment because he was never properly informed of his alleged violations of departmental policy pursuant to KRS 15.520(1)(e) and he was entitled to a hearing pursuant to KRS 15.520(1)(h).

KRS 15.520 "was enacted '[i]n order to establish a minimum system of professional conduct of the police officers of local units of government of this Commonwealth' by creating standards of conduct 'to deal fairly and set administrative due process rights for police officers ... and at the same time providing a means of redress by the citizens of the Commonwealth for wrongs allegedly done to them by police officers[.]' " *McCloud v. Whitt*, Ky. App., 639 S.W.2d 375, 377 (1982) (citing KRS 15.520). Based upon the reasoning set forth in *McCloud*, the Court finds that KRS 15.520 has no application to the discharge of Police Chief Shelton.

The Plaintiff argues that *McCloud* is not controlling since Shelton was charged with misconduct once before and KRS 15.520 does not require that disciplinary proceedings emanate from a citizen's complaint. *McDaniel v. Walp*, 747 S.W.2d 613 (1987). However, the Court finds that there is

---

1. Furthermore, Plaintiff argues that once the civil service provisions were adopted, those provisions could not be revoked, rescinded, or repealed. KRS 95.761(4). This argument has no import due to the failure of city council to properly enact Municipal Order 1982.300

2. Plaintiff also argues that KRS 95.765 is applicable because in 1988 in an unrelated state court case, the City of Albany conceded that KRS 95.765 was applicable. The Court finds that it is not bound by the concession of the City of Albany, and in fact, the civil service provision was not properly adopted at the time of the discharge. *See Burchett*, 93–CA–1488–MR.

nothing to suggest that Shelton's removal was predicated on any complaint of professional misconduct, KRS 15.520(1)(a), or upon any charge involving violation of any government rule or regulation, KRS 15.520(1)(e). Instead, the evidence indicates that his removal was the result of the action of the Mayor exercising the discretionary authority purportedly given him under KRS 83A.080(2). As a result, KRS 15.520 provides Plaintiff no property interest in his continued employment as Chief of Police.

*Policy and Procedures Manual*

■ Plaintiff argues that even absent a statute or ordinance protecting the terms of his employment, his position was protected by contract rendering his employment not terminable at the will of the Mayor. *See Bailey,* 106 F.3d at 141.

■ "[O]rdinarily an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows,* 666 S.W.2d 730, 731 (Ky.1983). "However, the parties to an employment contract can make the employment relationship terminable only for cause 'by clearly stating their intentions to do so ....'" *Bailey,* 106 F.3d at 141 (quoting *Shah v. American Synthetic Rubber Corp.,* 655 S.W.2d 489, 492 (Ky. 1983)). According to Plaintiff, the City's Policies and Procedures Manual, Part III, Section D(3), requires a pre-disciplinary hearing to be offered an employee who is facing dismissal. Part III Section D(3)(d) of the City's Policies and Procedures Manual provides in part as follows:

> Any disciplinary action that could involve dismissal shall require that a pre-disciplinary hearing be offered the employee. If the hearing is held, either the city or the employee may provide witnesses, and shall have the opportunity to be represented by council.

Defendants argue that Shelton was afforded the pre-disciplinary hearing provided by the Policies and Procedure Manual. The Court rejects the notion that Shelton was given the opportunity for such a hearing but that he failed to take advantage of it. The evidence merely shows that Shelton missed two meetings, neither of which were identified as disciplinary meetings. He was not advised that he might be discharged as a result of those meetings, nor was he advised to seek legal representation or gather witnesses on his own behalf. It is clear that the City failed to give Shelton the process afforded him under the Policies and Procedures Manual.

■ Plaintiff argues that since the City of Albany had an existing rule requiring a pre-disciplinary hearing before the dismissal of an employee, this policy alone created a property interest by securing Shelton from being dismissed from his employment until such time as a hearing was held. And as a result of the City's failure to hold a pre-disciplinary hearing, Shelton argues that his procedural due process rights were violated.

Assuming that the City's Policies and Procedures Manual constitutes a contract,[3] it does not make Shelton's employment relationship terminable only for cause. The only requirement of the policy manual is a pre-disciplinary hearing. Despite that requirement, there is no indication whatsoever in the policy manual that employment can only be terminated for cause.

It is argued by Shelton that the City would not have provided for a pre-disciplinary hearing for its employees, if employment was at-will. The City's policy clearly expresses an intent to allow its employees an opportunity to state their position prior to dismissal, however, it falls way short of expressing an intent to condition discharge for cause only. This Court concludes that Shelton's employment was

---

3. An express disclaimer in the policy and procedure manual provides that the personnel policies and provisions "are not intended to

represent a contract between any employee and city...."

terminable at-will despite the requirement of a pre-disciplinary hearing.

As an at-will employee, there is no right which Shelton can point to which would support a legitimate claim to continued employment, *Bailey,* 106 F.3d at 141; therefore, he has no constitutionally protected property interest in his employment.

## Conclusion

For the reasons set forth above, and finding no genuine issues of material fact, **IT IS HEREBY ORDERED** as follows:

1. The motion by Plaintiff, Raymond Shelton, for partial summary judgment [DN 18] is **denied.**

2. The motion by Defendant, James A. Brown, for summary judgment [DN 19] is **granted.**

3. The motion by Defendant, City of Albany, for summary judgment [DN 20] is **granted.**

THIS IS A FINAL AND APPEALABLE ORDER. THERE IS NO JUST CAUSE FOR DELAY.

## *ORDER*

This matter is before the Court on a motion by Plaintiff, Raymond Shelton, to alter and vacate the Court's January 12, 1998, Memorandum Opinion and Order granting Defendants' motions for summary judgment [DN 36]. Shelton argues that the Court erred in concluding that Shelton was an at-will employee. Shelton also claims that the Court failed to address his argument that the Defendants' denial of his right to a grievance procedure constituted a denial of his due process rights. The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The motion by Plaintiff to alter and vacate the original Memorandum Opinion and Order is **denied in part and granted in part.** The Court denies the motion with respect to Plaintiff's argument that he

is not an at-will employee. Whether the Policies and Procedures Manual was adopted by ordinance does not change the Court's determination of this issue. The analysis is the same. The requirement of a pre-disciplinary hearing does not make Shelton's employment terminable only for cause.

2. The motion is granted in part to address Plaintiff's claim that Defendants' denial of Shelton's right to a grievance procedure constituted a denial of his due process rights. The Court rejects the Plaintiff's claim. First, the Court does not construe the Plaintiff's complaint to set forth a separate and distinct claim regarding the denial of Plaintiff's right to a grievance procedure. Second, the Plaintiffs grievance was his termination without cause and the Mayor's failure to afford him rights under the Policies and Procedures Manual. The Court has determined that he could be terminated without cause and the failure to afford him rights under the policy manual does not constitute a constitutional violation since he has no property interest in his employment. Third, the Court finds that Plaintiff did not follow the proper grievance procedure. Plaintiff delivered his grievance to Pam Allred, a utilities clerk; however, Allred was not authorized to receive grievances. The Court finds as a matter of law that no genuine issues of material fact exist as to this claim, and therefore, summary judgment is granted in favor of the Defendants.