CITY OF MUNFORDVILLE and Charles W. Hays, Appellants/Cross-Appellees,

v.

Robert W. SHELDON, Appellee/Cross-Appellant.

Nos. 97-SC-28-DG, 97-SC-906-DG.

Supreme Court of Kentucky.

Oct. 15, 1998.

Patrick A. Ross, Gregory Y. Dunn, Hensley, Dunn, Ross & Howard, Horse Cave, for appellants/cross-appellees.

Mike Nichols, Goodman and Nichols, Munfordville, for appellee/cross-appellant.

STUMBO, Justice.

This case deals with the effect of KRS 15.520 on a mayor's ability to fire at will a police chief. In 1985, Appellee/Cross-Appellant, Robert Sheldon, was employed as a police officer in the City of Munfordville,

Kentucky, a fifth-class city. Shortly thereafter, Sheldon became Chief of Police. In 1987, Sheldon arrested Appellant/Cross-Appellee, Charlie Hays, for DUI. At the time of the arrest, Hays was an ordinary citizen. Hays later was elected to the Munfordville City Council (in 1988), was appointed to fill the unexpired term of the resigning mayor (in 1992), and eventually was elected as Mayor of Munfordville (in 1993). The day after he was elected as Mayor, during a special meeting of the city council, Hays summarily fired Sheldon, giving no reasons for the dismissal.

Sheldon filed suit against the City and Hays, alleging he was entitled to the protection of KRS 15.520 et seq., the so-called "Police Officers' Bill of Rights." He further alleged his dismissal amounted to a retaliatory discharge for his prior DUI arrest of Hays. In the course of this lawsuit, Mayor Hays and several other witnesses were deposed.

According to the record before us, Tommy Cummings, a local business owner in Munfordville, complained to Hays about the manner in which Sheldon investigated a robbery of Cummings' business. Mayor Hays requested Cummings to file a written complaint to the council accusing Sheldon of misconduct in the investigation. In his deposition, Mayor Hays admitted that this written complaint was in his possession at the special meeting at which Sheldon was fired. Hays further admitted his decision to fire Sheldon was based on this complaint, and on other "deficiencies" in Sheldon's performance as police chief.

Several other witnesses testified that between 1987 and 1993, they heard Hays vow revenge against Sheldon for the DUI arrest. One witness testified that Hays stated he believed that he could not fire Sheldon during his term as appointed mayor, but that as soon as he was elected in his own right as mayor, he would give Sheldon his "walking papers."

After making the above findings of fact, the Hart Circuit Court, granted partial summary judgment in favor of Sheldon. Relying on *City of Madisonville v. Sisk*, Ky.App., 783

S.W.2d 885 (1990), the trial court concluded that Sheldon was improperly terminated and that before he could be discharged or demoted, the mayor must comport with the minimum due-process requirements of KRS 15.520, which include a hearing before the city council. Thus, the trial court held that because Sheldon had been improperly terminated, Sheldon "continues to occupy the position of Chief of Police for the City of Munfordville, with all attendant pay and other benefits fully in effect, and that he has done so continuously since his initial appointment to said position."

The trial court later modified its partial summary judgment to hold that the sixty-day hearing requirement set forth under KRS 15.520(1)(h)(8) did not apply because Mayor Hays filed no written reasons for the discharge. Nevertheless, the trial court held, "[w]hen the Mayor failed to provide written reasons for Sheldon's termination within 24 hours after the act, the purported termination was voided due to a failure to comply with the prerequisites of KRS 15.520." The court also dismissed Sheldon's retaliatory discharge complaint (without prejudice), reasoning that because Sheldon had effectively never been suspended or terminated (due to the court's ruling), he was not entitled to damages.

The City and Mayor Hays appealed the ruling to the Court of Appeals, and Sheldon cross-appealed the dismissal of his retaliatory discharge complaint. The Court of Appeals affirmed the dismissal of Sheldon's retaliatory discharge complaint and that part of the trial court's summary judgment ruling that Sheldon was improperly terminated and that he continues to occupy the position of Chief of Police of Munfordville. It reversed that part of the modified summary judgment which held the sixty-day hearing requirement set forth in KRS 15.520(1)(h)(8) does not apply to this case. It was that statute, the Court of Appeals reasoned, which would have required Mayor Hays to have held a hearing on the citizen complaint within sixty days. Hays' failure to hold a hearing requires that Sheldon be reinstated and the citizen complaint against him be discharged with prejudice.

The Court of Appeals began its analysis by noting that "KRS 83A.080(2) and 83A.130(9) permit a local executive authority such as a mayor to terminate the employment of a non-elected city official such as a police officer only if there is no statute which provides otherwise." Sisk, 783 S.W.2d at 886. The civil service provisions of KRS 95.765 constitute just such a statute. Although the City of Munfordville, unlike the City of Madisonville in Sisk, has not passed an ordinance adopting the civil service provisions of KRS Chapter 95, Munfordville receives funds from the law enforcement foundation program pursuant to KRS 15.410 et seq., and thus is required to adhere to KRS 15.520. See KRS 15.520(4). Thus, the Court of Appeals opined, Sheldon was entitled to a due-process hearing, although not before the city council. Instead, the Court of Appeals held Sheldon was entitled to a hearing before the mayor, because the mayor in fifth-class cities is the executive appointing authority given the power by KRS 83A.080(2) and 15.520(1)(h) to appoint and remove non-elected officials.

The Court of Appeals distinguished the case at bar from McCloud v. Whitt, Ky.App., 639 S.W.2d 375 (1982), a case which the trial court found to conflict with the later holding in Sisk, supra. In McCloud, the police chief's "removal was not predicated upon any complaint of professional misconduct, KRS 15.520(1)(a), or upon any charge involving violation of any local unit of government rule or regulation, KRS 15.520(1)(e), but resulted from action by the mayor under the discretionary power given him by [KRS 83A.080(2) ]." McCloud, 639 S.W.2d at 377.

The Court of Appeals reasoned that the instant case presents an entirely different factual situation than that presented in McCloud:

In McCloud, this Court stated that it would be "absurd" to require a hearing where the police chief had been removed at-will under executive authority rather than a removal for some cause, since there would be nothing to inquire into. In this appeal, the Mayor admitted that the citizen complaint was the basis of his decision to fire Sheldon and the trial court appropri-

ately found there *was* "something to inquire into."

*Munfordville v. Sheldon*, Ky.App., No. 95–CA–305–MR and No. 95–CA–410–MR, slip op. at 5 (Dec. 20, 1996) (citing *McCloud*, 639 S.W.2d at 377). Thus, the Court of Appeals held that because Mayor Hays clearly fired Sheldon for cause, Sheldon was entitled to his due-process rights pursuant to KRS 15.520, including a hearing on the complaint. The court further held:

> A mayor's power to discharge a police officer at-will in fifth-class cities is qualified if grounds set forth in KRS 15.520(1) exist as they do in this case. While it may be absurd to require the mayor to afford due process rights to someone he or she has already decided to fire, the procedures of KRS 15.520 at least give police officers the opportunity to be heard in a public forum and the opportunity to defend and protect their professional and personal reputations from permanent damage.

*Id.* at 5–6.

Accordingly, the Court of Appeals held as follows:

> The trial court's summary judgment in favor of Sheldon, ruling that he was improperly terminated and that he continues to occupy the position of Chief of Police for the City of Munfordville is affirmed, as is the court's dismissal [without prejudice] of Sheldon's claim for retaliatory discharge. We reverse as to the court's summary judgment that KRS 15.520(1)(h)[8] does not apply in this case, noting however, that since the sixty days has expired the issue is now moot.

*Id.* at 6–7.

We agree with the Court of Appeals' opinion completely and adopt both its analysis and its holding in their entirety. Appel-

lant/Cross–Appellee Hays argues that by so holding, we render meaningless the statute (KRS 83A.080(2)) which gives the mayor discretionary power to fire employees at will. We disagree. Rather, our holding merely forbids a mayor or other local executive authority from receiving a citizen's complaint against a police officer, then firing the officer based on that complaint[1], without ever affording the officer a right to publicly defend against the complaint as required by KRS 15.520. To hold otherwise would encourage the mayor to avoid the time and expense of providing every officer the due-process hearing to which he or she is entitled upon the filing of a citizen complaint, by simply couching the decision to fire in the guise of a simple act of discretion. Nothing in our holding prohibits a mayor from discharging an officer at his or her discretion, so long as the reason behind the discharge does not trigger the hearing requirement of KRS 15.520, or fall into one of the exceptions to the at-will employment doctrine.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., COOPER, GRAVES, STEPHENS and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., dissents by separate opinion.

JOHNSTONE, Justice, dissenting.

Because I believe the majority has misconstrued the intent and purpose of KRS 15.520, I respectfully dissent.

KRS 83A.080(2) clearly gives Mayor Hays the right to terminate Sheldon as an at-will employee unless "otherwise provided by statute or ordinance." I disagree with the majority's conclusion that KRS 15.520 creates

---

1. Mayor Hays strenuously argues that, although his decision to fire Sheldon was *in fact* based on the citizen complaint, because he never technically *charged* Sheldon with the misconduct set forth in the complaint, the protections of KRS 15.520 are not triggered. KRS 15.520 does not set forth with any specificity the procedure a city must follow in order to technically "charge" an officer with misconduct, and, likewise, the City of Munfordville apparently has not established any particular procedure a citizen or the city must

follow in order to file or charge a complaint. We believe that it is sufficient that the mayor did *in fact* predicate the dismissal on the citizen complaint, and, thus we see no reason to reach the issue further. Rather than impose our own notion of the appropriate method for filing and charging such a complaint, which naturally will vary given the size and circumstances of each locality, we leave this issue for each city to determine on its own, or for the legislature to prescribe by statute should it see fit to do so.

an exception to the at-will doctrine in this case.

"Ordinarily an employer may discharge [an] at-will employee for good cause, no cause, or for a cause that some might view as morally indefensible." *Grzyb v. Evans*, Ky., 700 S.W.2d 399, 400 (1985). In terminating Sheldon, Hays did not mention the complaint from Cummings as grounds for termination. In a letter dated November 11, 1993, Hays explained to Sheldon in pertinent part:

> It is in the best interest of the city government to have a Mayor and Police Chief who can work together effectively. That is not the case here and I have released you from your employment.

These stated grounds for termination fit within the "terminable at-will" doctrine. This should have been the end of the matter. However, because Hays testified in a deposition that Cummings' complaint was one of the reasons he was dissatisfied with Sheldon's performance, the majority concludes that Sheldon was entitled to the due process protections set forth in KRS 15.520.

The due process protections of KRS 15.520 *only* come into play if a police officer is charged with some violation of rules and regulations or accused of some crime. This is amply evidenced by the language of the statute itself.

> When a hearing is to be conducted ... the following administrative due process rights shall be recognized and these shall be the minimum rights afforded any police officer *charged.* KRS 15.520(1)(h) (emphasis added).

Moreover, Cummings' complaint did not involve any allegations of criminality; thus, it falls under the purview of KRS 15.520(1)(a)(2), which requires that "an affidavit, signed and sworn to by the complain-ant, shall be obtained." KRS 15.520(3) provides in pertinent part, "[i]f a complaint is required to be obtained ... the department may investigate [unsworn] allegations, but shall bring *charges* against the police officer only if the department can independently substantiate the allegations absent the sworn statement of the complainant." (Emphasis added).

No charges based on Cummings' complaint, or otherwise, were ever brought against Sheldon. Sheldon was not found guilty of any of the allegations made in Cummings' complaint. When a citizen makes a complaint against an officer, the due process protections of the statute only apply if and when charges are brought against the officer based on the allegations made in the citizen's complaint.

The City of Munfordville has not adopted the civil service provisions of KRS Chapter 95. The majority opinion in essence construes KRS 15.520, et. seq., as creating a back door to the civil service provisions. This is contrary to the intent of the statute, which is to: (1) provide the ordinary citizen a means of redress of alleged grievances against police officers covered by the statute; and (2) provide the police officer against whom a citizen's grievance is filed, certain due process protections when either administrative or criminal charges are brought against the officer based on the allegations contained in a citizen's complaint.